UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN PUCKET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0075-CVE-CDL |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff Jonathan Pucket's Motion for Attorney's Fees and Brief in Support (Dkt. # 19). The parties reached a settlement of plaintiff's claim under Oklahoma's lemon law, OKLA. STAT. tit. 15, § 901, and they stipulated that plaintiff was the prevailing party. Dkt. # 16. Under § 901, a consumer who prevails on a lemon law claim is entitled to an award of "all costs and reasonable attorney fees as determined by the court." The parties also requested leave to submit briefing as to the amount of attorney fees to be awarded to plaintiff, and the Court entered a briefing schedule. Plaintiff has filed a motion (Dkt. # 19) requesting attorney fees in the amount of $29,090, and he seeks an additional $4,990 for fees incurred in the drafting of a reply (Dkt. # 22) in support of his motion.

I.

On February 23, 2020, plaintiff filed this case alleging a claim against General Motors, LLC under Oklahoma's lemon law, and he was represented by David Keesling and Timothy Kittle of the firm Dunlap Bennett & Ludwig. Keesling is a partner whose work focuses on civil litigation, and Kittle is a senior associate with 13 years of experience whose practice focuses on federal civil

practice. Dkt. # 19-1; Dkt. # 19-2. Keesling and Kittle had represented plaintiff in a dispute resolution process before the case was filed, and plaintiff's counsel made a settlement offer when defense counsel entered an appearance in this case. Dkt. # 20, at 21-22. Kittle's billing records show that defendant was "realistic" about the possibility of settlement, but the case did not settle in April 2020. Id. at 21. Plaintiff served written discovery requests on defendant in May 2020, and defendant provided responses to the discovery requests on June 19, 2020. On July 31, 2020, plaintiff's counsel sent a letter to defense counsel outlining alleged deficiencies with defendant's responses to plaintiff's discovery requests. Dkt. # 19-4.

Plaintiff's counsel also sought to take the depositions of two witnesses, and defense counsel responded that defendant had been attempting to communicate a settlement offer to plaintiff "for some time." Dkt. # 19-5, at 6. However, plaintiff's counsel had not returned phone calls or e-mails from GM's counsel, Angela Outland, and defense counsel believed the depositions could be avoided if the parties could reach a settlement of plaintiff's lemon law claim. Id. The parties continued to communicate about the scheduling of the depositions, and defendant made a settlement offer on August 14, 2020. Dkt. # 19-5; Dkt. # 21-3, at 7. Defendant made a settlement offer under which defendant agreed to replace or repurchase plaintiff's vehicle and it agreed that plaintiff could be designated the prevailing party for an attorney fee motion. Dkt. # 21-3, at 3. Kittle drafted a motion to compel discovery responses, even though settlement negotiations were ongoing. Dkt. # 20, at 8. Defendant's settlement offer was accepted, and the parties filed a joint stipulation (Dkt. # 16) as to defendant's liability. The parties asked the court to enter a briefing schedule on the issue of plaintiff's attorney fees, and the Court entered a briefing schedule as requested by the parties.

## II.

Plaintiff seeks $29,090 in attorney fees, plus an additional award of attorney fees of $4,990 for time spent preparing a reply to rebut arguments raised by defendant as to the reasonableness of the requested attorney fees. Dkt. ## 19, 22. Defendant responds that the amount of attorney fees sought by plaintiff is unreasonable, because this was a relatively straightforward case and the time records reflect a lack of billing judgment on the part of plaintiff's counsel. Dkt. # 21.

In a diversity case, the availability of attorney fees is a matter of substantive law that is governed by the law of the forum state. Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P., 888 F.3d 455, 460 (10th Cir. 2017); Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas Agency, 123 F.3d 1351, 1352 (10th Cir. 1997). Under § 901, "[i]n any civil action pursuant to this section wherein the consumer is the prevailing party, the consumer shall recover all costs and reasonable attorney fees as determined by the court." The Oklahoma Supreme Court has outlined a two-step process for arriving at a reasonable attorney fee: (1) determine the lodestar fee, which is the reasonable hourly compensation on an "hours times rate basis," and (2) enhance or reduce the lodestar fee, if warranted, by adding or subtracting an amount arrived at by applying the factors set forth in Burk v. City of Oklahoma City, 589 P.2d 659 (Okla. 1979). Spencer v. Oklahoma Gas & Elec. Co., 171 P.3d 890, 895 (Okla. 2007). The factors a court should consider when determining if an amount above or below the lodestar amount should be awarded are as follows:

> 1. Time and labor required. 2. The novelty and difficulty of the questions. 3. The skill requisite to perform the legal service properly. 4. The preclusion of other employment by the attorney due to acceptance of the case. 5. The customary fee. 6. Whether the fee is fixed or contingent. 7. Time limitations imposed by the client or the circumstances. 8. The amount involved and the results obtained. 9. The experience, reputation and ability of the attorneys. 10. The 'undesirability' of the

case. 11. The nature and length of the professional relationship with the client, 12. Awards in similar cases.

Burk, 598 P.2d at 661 (quoting Evans v. Sheraton Park Hotel, 503 F.2d 177, 187-88 (D.D.C. 1974)). The party applying for attorney fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked . . . , and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

      The Court initially notes that plaintiff's motion for attorney fees cites only federal legal authority concerning an award of attorney fees, even though this is a diversity case and plaintiff is seeking attorney fees under Oklahoma law. It appears that plaintiff's counsel simply used a brief prepared for a previous lawsuit, and the legal authority cited in plaintiff's motion is not helpful in determining whether the attorney fees sought by plaintiff are reasonable. It does not appear that plaintiff's counsel considered Oklahoma law concerning the reasonableness of an attorney fee award when drafting the motion, and defendant raises appropriate objections to the amount of fees sought by plaintiff's counsel based on applicable law. The Court declines to award attorney fees to plaintiff for drafting a motion for attorney fees, because the motion is not based on the applicable law and was not helpful to the Court in resolving his request for attorney fees. Plaintiff's counsel believed it was necessary to file a reply to clarify certain aspects of their request for attorney fees, and counsel asks the Court to award plaintiff $4,990 in attorney fees for the necessity of filing a reply. The Court does not find that it is reasonable to shift the cost for drafting a reply to the defendant. As the Court has noted, defendant's objections to plaintiff's request for attorney fees are reasonable and plaintiff's

motion was not based on the applicable law. Plaintiff may have felt that it was necessary to file a reply in support of his motion for attorney fees, but this not mean that the cost for preparing the reply should be shifted to defendant. The Court declines to award attorney fees to plaintiff for the costs of drafting a motion for attorney fees or his reply in support of that motion.

Before considering specific issues raised by defendant, the Court will also consider whether it is reasonable for plaintiff to seek attorney fees for the services of two attorneys. Kittle may not be a partner at Dunlap Bennett & Ludwig, but he is a senior associate with 13 years of experience in civil litigation. Dkt. # 19-2, at 3. He also states that he has handled more than 50 cases in federal district court. Id. This is a straightforward lemon law case, and plaintiff has not shown that there was anything unusual or complex about this case that required the service of multiple attorneys. The Court has reviewed the billing records submitted by plaintiff, and it is apparent that Kittle was performing the actual work necessary for litigation of this matter. Nearly all of Keesling's time spent on this case was for reading e-mails from Kittle, reviewing Kittle's work, or communicating with the plaintiff. The law firm may have wanted a second attorney to review Kittle's work, but it is not reasonable to shift the cost of a second attorney to defendant when Keesling's work did not directly contribute to the settlement of the case. The Court finds that attorney fees should be awarded only for the work performed by Kittle, and Keesling's services, even if desired by Dunlap Bennett & Ludwig, were not necessary to reach a favorable result for plaintiff.

Plaintiff requests attorney fees in the amount of $20,610 for Kittle's work. Dkt. # 19, at 7. This is based on an hourly rate of $300 per hour and 68.7 billable hours of work. The Court finds that the hourly rate of $300 per hour is reasonable, but the number of billable hours is excessive in light of the nature of the case. Kittle billed 7.1 hours for the drafting of the complaint, related legal

research, and for communicating with the Court Clerk's office to correct filing errors. This was a straightforward lemon law case that did not involve complex issues of law or fact, and the amount of time billed to properly file the complaint was unreasonable. Defendant is not required to pay attorney fees for Kittle to familiarize himself with the applicable law or the Court's filing procedures, and the Court finds that 3 hours of work for drafting a complaint is reasonable in this type of case. Kittle billed approximately 11.6 in connection with drafting a letter to defense counsel concerning alleged deficiencies in defendant's responses to written discovery requests. The letter primarily consists of boilerplate legal research that was taken from previous cases and, even though the letter is lengthy, it appears that most of work in preparing the letter was clerical in nature. It was reasonable for Kittle to thoroughly review defendant's discovery responses, but the amount of time he spent drafting a form letter in response to the discovery requests was excessive. The Court finds that Kittle should be awarded attorney fees for 5 hours of work related to reviewing and responding to defendant's discovery responses. Kittle billed 4 hours of work for preparing a motion to compel after the parties were unable to resolve plaintiff's request for additional discovery. However, the motion to compel was drafted after defendant made a reasonable settlement offer that ultimately led to a resolution of this case. Plaintiff's counsel may have felt that it was necessary to prepare a motion to compel if settlement negotiations fell through, but it is not reasonable to shift the cost of drafting this motion to defendant. Plaintiff will not be awarded attorney fees for drafting a motion to compel.

The Court finds that plaintiff's counsel should be awarded attorney fees for 34 hours of work performed by Kittle during the course of the litigation. Plaintiff states that Kittle charged $300 per hour for work on this case, and the Court finds that the requested hourly rate for Kittle's services is

reasonable. Based on an hourly rate of $300, this results in an award of attorney fees of $10,200. This includes a total of 26 hours of work for statutorily required mediation before filing suit, communicating with the client, drafting discovery requests, and other routine and necessary work that was performed during the litigation. The Court has determined that Kittle reasonably billed for 3 hours of work in connection with drafting the complaint and reviewing defendant's discovery responses and 5 hours of work reviewing and responding, resulting in a total of 34 billable hours. However, the Court has determined that it was unreasonable to assign two attorneys to work on the case, and plaintiff's briefing in support of his request for attorney fees was not helpful in determining a reasonable award of attorney fees. Therefore, the Court has declined to include any award of attorney fees for Keesling's work on the case or hours billed by Keesling or Kittle related to the drafting of briefing as to plaintiff's request for attorney fees. Plaintiff has made no argument that any Burk factors warrant an upward adjustment of the lodestar fee of $10,200, and the Court finds no reason to make an upward or downward adjustment of the lodestar fee.

**IT IS THEREFORE ORDERED** that Plaintiff Jonathan Pucket's Motion for Attorney's Fees and Brief in Support (Dkt. # 19) is **granted in part** and **denied in part**: plaintiff shall be awarded attorney fees in the amount of $10,200, but his request for over $34,000 in attorney fees is denied. A separate judgment as to attorney fees is entered herewith.

**DATED** this 15th day of April, 2021.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE