## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JONATHAN PUCKET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-0075-CVE-CDL |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's motion to reopen case (Dkt. # 30) and motion for contempt (Dkt. # 31). The Court previously entered a judgment as to liability (Dkt. # 17), memorializing the parties' settlement agreement under which defendant General Motors, LLC (GM) agreed to repurchase or replace plaintiff's vehicle. Plaintiff alleges that GM has failed to honor the parties' settlement agreement, and he asks the Court to reopen the case and hold GM in contempt for breaching the judgment. GM responds that it has made an offer to repurchase the plaintiff's vehicle, and there is no reason to reopen the case to use a contempt remedy to force GM to comply with the judgment. GM also argues that plaintiff's counsel delayed in seeking to enforce the judgment, and GM claims that the judgment is not sufficiently specific to hold GM in contempt for violating a court order.

On February 23, 2020, plaintiff filed this case alleging a claim under Oklahoma's lemon law, OKLA. STAT. tit. 15, § 901. Plaintiff asserted that he purchased a 2019 GMC Sierra 1500 that suffered engine failure, and plaintiff sought a replacement vehicle of a comparable model or a full refund of the purchase price. Dkt. # 2, at 6. Plaintiff also sought attorney fees under OKLA. STAT. tit. 15, § 901(J). The parties filed a joint stipulation in which the parties agreed that GM would

"provide [p]laintiff with a replacement or repurchase of the subject vehicle and compensation for the warranty." Dkt. # 16, at 1.  The parties could not agree to an amount of attorney fees and they stipulated to the "court's continued jurisdiction over this matter until such time that the statutory attorney's fees and costs have been fully resolved." Id. at 2.  On August 19, 2020, the Court entered a judgment as to liability memorializing the parties' joint stipulation:

> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff Jonathan Pucket and against defendant General Motors, LLC , and defendant General Motors, LLC has agreed to repurchase or replace plaintiff's vehicle and compensate plaintiff for the vehicle's warranty.

Dkt. # 17.  Plaintiff filed a motion seeking almost $34,000 in attorney fees, which included approximately $5,000 in attorney fees for drafting a reply in support of the motion for attorney fees. Dkt. ## 19, 22.  The Court awarded plaintiff attorney fees in the amount of $10,200 in attorney fees and entered a judgment for attorney fees in favor of plaintiff.  Dkt. ## 27, 28.

The parties have not provided any evidence concerning their interactions between the entry of judgment as to attorney fees and the filing of plaintiff's motion for contempt.  On November 25, 2024, plaintiff filed motions (Dkt. ## 30, 31) asking the Court to reopen the case and hold GM in contempt for failing to comply with the Court's judgments as to liability and attorney fees.  GM received numerous extensions of the deadline to file responses to plaintiff's motions and advised the Court that the parties were attempting to resolve the matter without judicial intervention.  GM advised the Court that the parties had not executed a written settlement agreement or even made a written record of the specific terms of the settlement, and GM was in the process of making a settlement offer to plaintiff.  Dkt. # 42.  On May 5, 2025, GM made a settlement offer to refund all payments made by plaintiff on the vehicle, a $22,000 trade-in allowance, plus $15,000 in attorney

fees, for a total settlement of $75,224.52. Dkt. # 44-1. Plaintiff has not accepted GM's offer to repurchase the subject vehicle, and GM filed a response (Dkt. # 44) to plaintiff's motions. Plaintiff has filed a reply in support of his motions arguing that GM's settlement offer is "too little, too late," and he asks the Court to punish GM for its delay in complying with the Court's judgments. Dkt. # 45, at 6-7.

Plaintiff alleges that GM has failed to replace or repurchase his vehicle, and he asks the Court to reopen the case and hold GM in contempt for violating a court order. Dkt. ## 30, 31. GM responds that it has made an offer to repurchase plaintiff's vehicle and pay attorney fees to plaintiff's counsel, and plaintiff's counsel made little or no effort to resolve the matter in the four years since the Court entered the judgment as to attorney fees. Dkt. # 44, at 3. GM argues that the Court should decline to reopen the case due to plaintiff's failure to comply with Fed. R. Civ. P. 60(b), because plaintiff has not provided any explanation for his delay in filing a motion for contempt. Id. at 4-5. GM also contends that the judgment on liability was not sufficiently specific to be enforced by a contempt motion, and the settlement agreement should be enforced by means of a civil action in state court.[1] Id. at 6-9.

The Court declines to reopen the case for the purpose of allowing plaintiff to proceed with a motion for contempt. Civil contempt is intended to be "remedial, and for the benefit of the complainant," while criminal contempt is generally punitive in nature and "to vindicate the authority of the court." Int'l Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994).

---

[1] The Court has reviewed GM's procedural arguments and finds that it would be more expeditious to resolve plaintiffs' motions on the merits. Therefore, the Court will assume that it has continuing jurisdiction over this matter and that the judgment (Dkt. # 17) is sufficiently specific for enforcement by means of a motion for contempt.

The primary purpose of civil contempt sanctions is to compel compliance with a court order, and civil contempt sanctions may generally be avoided by compliance with the court order. Id. GM has made an offer to repurchase plaintiff's vehicle, and plaintiff has made no argument that GM's offer is inadequate or made in bad faith. The Court finds that GM's offer by itself negates the need for a contempt sanction to enforce compliance, especially in a case like this one in which there is no evidence that plaintiff's counsel was actively seeking to enforce the judgment. Plaintiff complains that it took four years for GM to comply with the judgment, and he claims that GM would never have complied with the judgment unless he filed a motion for contempt. Dkt. # 45, at 7. Plaintiff has produced no evidence that his attorneys made any attempt to contact GM to seek compliance with the judgment in the four years between the entry of the judgment and the filing of the motion for contempt, nor has he even made any allegations that his counsel was diligently seeking to enforce the judgment prior to filing a motion for contempt. Civil contempt should not be used a substitute for ordinary means of communication with opposing counsel to resolve matters related to a settlement, and the Court finds no reason to invoke its contempt authority to aid the parties in resolving their dispute.

Plaintiff's motions to reopen the case and to hold GM in contempt are denied. Plaintiff may file a motion to reopen the case if the parties are unable to resolve their dispute concerning GM's fulfillment of the settlement agreement, but plaintiff must be prepared to fully litigate his lemon law claim should he ask the Court to reopen the case. It appears that the parties asked the Court to enter a judgment as to liability (Dkt. # 17) based on a purported agreement for GM to replace or repurchase plaintiff's vehicle, but the parties had not actually negotiated the specific terms of the settlement or even documented the terms of the settlement with a written settlement agreement. The

4

parties should not have asked the Court to enter a judgment as to liability when they had agreed only to the broad outline of a settlement. The parties are encouraged to attempt in good faith to resolve their dispute concerning GM's fulfillment of the parties' agreement for GM to replace or repurchase the subject vehicle, and they are advised that any request to reopen the case will require the parties to fully litigate plaintiff's lemon law claim.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reopen case (Dkt. # 30) and motion for contempt (Dkt. # 31) are **denied**.

**DATED** this 3rd day of July, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE